Honorable John T. Russell State Senator, District 33 Room 416, State Capitol Building Jefferson City, MO 65101
Dear Senator Russell:
You have submitted a question to this office whether there is a conflict between provisions of Chapter 355, RSMo, requiring the release of addresses of members of a not-for-profit corporation and the "Federal Privacy Act." We assume for purposes of this opinion that your reference is to 5 U.S.C. § 552a, et seq., which has as its popular name the Federal Privacy Act.[1]
There are several provisions in Chapter 355 that require addresses of members of not-for-profit corporations be available upon request. See,e.g., Sections 355.271, 355.821, and 355.826, RSMo. A review of those provisions illustrates that there has been a legislative determination that such addresses be available upon request.
There is little doubt that 5 U.S.C. § 552a, et seq. does not apply to not-for-profit corporations because such corporations are not "agencies." Agency is defined as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." See 5 U.S.C. § 552(f)(1). Even if the provisions do apply to such corporations, there are conditions which allow disclosure.5 U.S.C. § 552a(b) provides:
 No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains unless disclosure of the record would be . . . .
 (3) for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section
 5 U.S.C. § 552a(a)(7) defines "routine use" as "means, with respect to the disclosure of a record, the use of such record for a purpose which is compatible with the purpose for which it was collected."5 U.S.C. § 552a(e)(4)(D) requires federal agencies to publish in the Federal Register what it considers routine use and the purposes of such use. Because your question applies to not-for-profit corporations, this section of federal law is inapplicable.
A review of the provisions of Chapter 355 shows that the purpose of the collection of the names and addresses was to provide it when requested. The information that would be disclosed was collected for purposes of dissemination when requested and, therefore, such disclosure would be for a "routine" use.
The type of information that is the subject of your inquiry does fall within the definition of a record. "Record" is defined at5 U.S.C. § 552a(a)(4) as
 [M]eans any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual[.]
The question before us is whether the names and addresses of members of not-for-profit corporations can be disclosed. The statute insists that the addresses be released in order that members can communicate prior to the annual meeting (Section 355.271.2) and to allow members to see who else are members (Sections 355.821 and 355.826). The determination has been made that the public policy of this state dictates that these records shall be available for disclosure as provided in Chapter 355.
 CONCLUSION
There is no conflict between the provisions of Chapter 355, RSMo, requiring the release of addresses of members of not-for-profit corporations and the Federal Privacy Act.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] We have studied other provisions in other federal statutes and conclude they have no applicability to your inquiry. See, e.g., 42 U.S.C. § 2000aa-2000aa-12.